IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICK ENGSTRUM,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON DEFENDANT'S PROPOSED JURY INSTRUCTION<br><br><br><br>Case No. 2:08-CR-430 TS |

This matter is before the Court on Defendant's Motion for Jury Instruction regarding his possession of a firearm. The Court previously denied Defendant's Motion to Dismiss Indictment, in which Defendant argued that the Second Amendment to the U.S. Constitution protected his right to have a firearm in his house for home and self defense. In its April 17, 2009 Order, the Court found that strict scrutiny was required to justify a deprivation of an individual's Second Amendment right to keep and bear arms.[1] The Court also found that 18 U.S.C. § 922(g)(9), which prohibits the possession of firearms by those previously convicted of a domestic violence misdemeanor, passed strict scrutiny.[2] Finally, the Court found that § 922(g)(9) was, therefore, presumptively lawful, but

---

[1] Docket No. 24 at 7-8.

[2] *Id.* at 24.

1

that the presumption could be rebutted by a showing that the individual charged under § 922(g)(9) posed no prospective risk of violence.[3] With regard to the Defendant, the Court found that it could not say, as a matter of law, that the Defendant posed no prospective risk of violence.

Defendant now requests that the Court issue a ruling on his proposed jury instruction, derived, in part, from the Court's Order. Defendant argues that he is entitled to the following instruction:

> If you find that the government has proved beyond a reasonable doubt the elements of the charge against him, as set forth in Jury Instruction Number ____, regarding Count I, you are instructed that the Defendant enjoys the right, under the Second Amendment to the United States Constitution, to bear arms for the core purpose of defense in the home.
>
> It is the burden of the government to prove beyond a reasonable doubt that the possession of the firearm was for a purpose other than that of protection of self, family and/or property in the home.
>
> It is also the government's burden to prove beyond a reasonable doubt that the Defendant poses a prospective risk of violence to an intimate partner or child.
>
> Therefore, if you find that the government has not proved beyond a reasonable doubt that the Defendant was in possession of the firearm for the purpose of the protection of self, family and/or property in the home, and that he did not pose a prospective risk of violence to an intimate partner or child, you must find him not guilty.
>
> However, if you find that the government has proved beyond a reasonable doubt that the possession of the firearm was for a purpose other than that of protection of self, family and/or property in the home, then you must find him guilty.[4]

The government argues, in response, that Defendant's proposed jury instruction is not a correct statement of the law, and that it adds elements to the charged offense. The government, therefore, requests that the Court deny Defendant's request.

---

[3] *Id.* at 14-15.

[4] Docket No. 26 at 6-7.

## I. STANDARD OF REVIEW

A defendant is entitled to a jury instruction if the instruction is supported by the law and has some foundation in the evidence.[5] "For the purposes of determining the sufficiency of the evidence to raise the jury issue, the testimony most favorable to the defendant should be accepted."[6] However, a defendant is not entitled to an instruction which lacks a reasonable factual and legal basis.[7] Only when a theory of defense instruction "articulates a correct statement of the law" is a jury instruction warranted, and then only when "sufficient evidence has been presented to support the jury's finding in defendant's favor on that theory."[8]

## II. BACKGROUND

Defendant concedes that he is a restricted person, otherwise covered by § 922(g)(9).[9] In May 2008, Defendant and his girlfriend (the "Girlfriend") were residing at a home in West Valley City, Utah (the "Residence"). On May 9, 2008, Defendant and the Girlfriend got into an argument and the Girlfriend left the Residence. On May 10, 2008, the Girlfriend returned with the police to retrieve her personal belongings, accompanied by a friend, who waited outside the Residence while the Girlfriend entered to retrieve her belongings. Defendant refused to return her things, and an argument ensued. During that argument, Defendant grabbed the Girlfriend's arm, and the Girlfriend claims she feared for her safety. The Girlfriend attempted to use pepper spray on the Defendant, but

---

[5] *United States v. Al-Rekabi*, 454 F.3d 1113, 1121 (10th Cir. 2006).

[6] *Id.*

[7] *United States v. Grissom*, 44 F.3d 1507, 1512 (10th Cir. 1995).

[8] *United States v. Adkins*, 196 F.3d 1112, 1115 (10th Cir. 1995).

[9] Docket No. 26 at 5.

the canister did not work. Defendant took the pepper spray away from the Girlfriend and was successful in using it on her. The Girlfriend then left the Residence and called the police.

When police arrived at the Residence, the Girlfriend informed them that Defendant kept a gun in his bedroom, although the gun was never used or displayed in any way by the Defendant prior to the police arriving. Defendant allowed the police to enter the Residence, where one officer noticed an unspent round on the floor of the Residence. When officers inquired about the gun, Defendant advised them that it was in his bedroom dresser drawer, and that he had unloaded it when he learned that law enforcement would be arriving at the Residence. The officers found the unloaded gun from the bedroom dresser drawer. The gun was not taken from the Residence at that time.

On May 22, 2008, West Valley Police contacted Defendant and inquired about the gun. Defendant indicated that he owned the gun and that it was a gift from his father. There is no evidence to indicate that Defendant had ever used the firearm. However, Defendant was advised that he could not have a gun due to a prior misdemeanor domestic violence conviction. Defendant indicated to police that he would surrender the gun and ammunition. Police arrived at the Residence later that day and Defendant signed a consent to search form and surrendered the gun and ammunition.

Facts raised by Defendant, and undisputed by the government, also show that the firearm was purchased by Defendant's father, the prior owner of the Residence. Defendant's father utilized the firearm for lawful purposes, and kept the firearm near his bed for home protection. Defendant came into possession of the firearm after Defendant's father passed away and Defendant came to live in the Residence.

III.  DISCUSSION

There is some basis in the evidence presently before the Court to support Defendant's arguments that he posed no prospective risk of violence, but in order for a jury instruction to be given, the evidence presented *at trial* must support the instruction.  Moreover, Defendant's proposed jury instruction is not a correct statement of the law.  However, the government's response also fails to adequately represent the law applicable to this case, as stated by the Court's April 17, 2009 Order.  Specifically, the government argues that the Court has already held that Defendant is not constitutionally entitled to an exception to § 922(g)(9).  That is not what the Court held, nor would it have been required to make such a finding when considering the previous motion.

The standard required to dismiss an indictment is very high, and the Court denied Defendant's motion because it could not say, as a matter of law, that Defendant posed no prospective risk of violence.  The Court issued no factual findings regarding whether the Defendant did or did not pose a prospective risk of violence.  A correct statement of the law is: if the jury were convinced that Defendant posed no prospective risk of violence, the jury could find the Defendant not guilty of the crime charged.

A defendant need not present any evidence at trial.  The government bears the burden of proving each element of the charged offense beyond a reasonable doubt, but it need not prove the nonexistence of all affirmative defenses.[10]  If a defendant wishes to raise an affirmative defense at trial, he must bring his proposed affirmative defense to the attention of the Court,[11] and the Court must determine whether the affirmative defense is legitimate.  Likewise, as set forth above, before

---

[10]*Patterson v. New York*, 432 U.S. 197, 210 (1977) ("Proof of the nonextistence of all affirmative defenses has never been constitutionally required.").

[11]*United States v. Prentiss*, 256 F.3d 971, 975 n.2 (10th Cir. 2001).

an instruction on the proposed defense may be given to the jury, there must be sufficient evidence presented, either by the government or by the defendant, to support the proposed defense.[12]

The Court must also make a determination regarding the type of affirmative defense being asserted by the defendant. If the defendant asserts an affirmative defense which negates an element of the crime, the government must establish beyond a reasonable doubt that the affirmative defense does not apply.[13] If, however, the defendant asserts an affirmative defense that "does not serve to negative"[14] any element of the crime, the Court may require defendant to bear the "burden of persuad[ing] . . . the tribunal of the existence of the facts supporting the defense."[15]

The Court finds that Defendant may raise, as an affirmative defense, that the charged offense may not be applied to him because he posed no prospective risk of violence. Such a defense is in keeping with the law stated in the Court's April 17, 2009 Order. The Court also finds that the affirmative defense raised by Defendant does not negate any element of the offense charged. Therefore, while the government must prove every element of the charged offense beyond a reasonable doubt, if Defendant *chooses* to argue that he posed no prospective risk of violence,

---

[12] *Al-Rekabi*, 454 F.3d at 1121.

[13] *See, e.g.*, *United States v. Corrigan*, 548 F.2d 879, 881-84 (10th Cir. 1977) (requiring the government, once defendant raised a defense of self-defense, to establish beyond a reasonable doubt that the defendant's actions were not in self-defense.)

[14] *Patterson*, 432 U.S. at 207.

[15] *United States v. Prentiss*, 256 F.3d 971, 975 n.2 (10th Cir. 2001), *overruled in part on other grounds by United States v. Cotton*, 535 U.S. 625, 631 (2002). *See also United States v. Deleveaux*, 205 F.3d 1292, 1298-99 (11th Cir. 2000) ("[T]he defendant may be required to prove that defense [of justification] by a preponderance of the evidence."). *See also United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000) ("[T]here is no constitutional bar to the defendant's bearing the burden of persuasion on defenses that do not negate an element of the offense.") (citing *Patterson*, 432 U.S. at 210-211.).

Defendant will bear the burden of proving his defense to the jury by a preponderance of the evidence. However, the defense must be supported by sufficient evidence. Therefore, the Court will only instruct the jury on Defendant's defense if the Court finds that, during the course of trial, Defendant has presented sufficient evidence to convince a reasonable jury that he does not pose a prospective risk of violence.[16] In the event that Defendant meets that burden, the Court will instruct the jury regarding Defendant's proposed Second Amendment defense in the following terms:

> The Second Amendment to the United States Constitution guarantees the fundamental right of individuals to keep and bear arms. That right may only be infringed when the restriction is narrowly tailored to meet a compelling government interest. You are instructed that 18 U.S.C. § 922(g)(9), the crime for which Defendant is charged, is, as a matter of law, a lawful and constitutional restriction of the Second Amendment rights of those who pose a prospective, or future, risk of violence.
>
> If you find that the government has proved beyond a reasonable doubt the elements of the charge against him, as set forth in Jury Instruction Number ____, regarding Count I, you are instructed that Defendant is presumed to pose a prospective risk of violence. However, Defendant is entitled to offer evidence to rebut that presumption and show that he did not pose a prospective risk of violence. It is the burden of the Defendant to prove to you, by a preponderance of the evidence, that he did not pose a prospective risk of violence.
>
> Therefore, if you find that the Defendant did not pose a prospective risk of violence, he may not be deprived of his Second Amendment rights, and you must find him not guilty.
>
> However, if you find that the government has proved beyond a reasonable doubt the elements of the charge against him, and that the Defendant has not proved, by a preponderance of the evidence, that he posed no prospective risk of violence, you must find the Defendant guilty.

---

[16]*See United States v. Butler*, 485 F.3d 569, 573 (10th Cir. 2007) (affirming "the trial judge's role as gatekeeper–deciding if the evidence passes the threshold for a[n] . . . instruction.").

## IV.  CONCLUSION

SO ORDERED.  The government and Defendant may submit briefs to the Court within ten days of the date of this Order, addressing: (1) the wording of the Court's proposed jury instruction; and (2) the Court's ruling on Defendant's burden of production at trial.

DATED   June 15, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge