IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>RICK ENGSTRUM,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR STAY OF TRIAL<br><br><br><br><br>Case No. 2:08-CR-430 TS |

This matter is before the Court on the government's Motion for Stay of Trial Pending Adjudication of Petition for Writ of Mandamus. For the reasons set forth below, the Court will deny the government's motion.

## I.  BACKGROUND

On April 10, 2009, the Court denied Defendant's Motion to Dismiss Indictment in an order which addressed Defendant's rights under the Second Amendment to the United States Constitution in light of the Supreme Court's recent decision in *Heller*.[1]  The Court declared that the fundamental right to keep and bear arms, guaranteed by the Second Amendment, required the application of strict scrutiny to 18 U.S.C. § 922(g)(9), the statute which Defendant is accused of violating.  The Court

---

[1]*District of Columbia v. Heller*, 128 S.Ct. 2783 (2008).

found that the statute was facially constitutional, being narrowly tailored to meet the compelling government interest of protecting the innocent from the prospective risk of violence posed by those who had previously committed a qualifying domestic violence misdemeanor.  The Court also found that the Constitutional right to keep and bear arms required that a defendant be allowed an opportunity to show that they did not pose a prospective risk of violence and that § 922(g)(9) could not, therefore, be constitutionally applied to them.

On July 16, 2009, the Court issued an order rejecting Defendant's proposed jury instruction but, in keeping with its previous orders, approving a jury instruction that placed the burden on Defendant to show an absence of a prospective risk of violence.  On July 22, 2009, the government filed its Motion to Stay with this Court, and on July 23, 2009, the government filed a Motion for Writ of Mandamus with the Tenth Circuit, requesting that this Court be ordered not to allow evidence regarding a lack of prospective risk of violence by Defendant or to allow a jury instruction regarding the same.  This matter is scheduled for a two-day jury trial beginning on August 17, 2009.

## II.  STANDARD OF REVIEW

In determining whether to grant a stay, the Court must consider: (1) the basis for jurisdiction in this Court and the Court of Appeals; (2) the likelihood of success on appeal; (3) the threat of irreparable harm if the stay is not granted; (4) the absence of harm to opposing parties if the stay is granted; and (5) any risk of harm to the public interest.[2]

---

[2]10th Cir. R. 8.1(A)-(E).

III.  DISCUSSION

On the first factor, there is no dispute regarding jurisdiction in either this Court or the Court of Appeals.  On the second factor, the Court finds that, given the extremely high standard for obtaining a writ of mandamus,[3] there is a low likelihood of success on appeal, so the second factor weighs against granting the stay.  On the third factor, the government argues that, if review is not granted prior to trial, the Court's prior decisions will escape review and the government will, therefore, be irreparably harmed.  However, the Court notes that the government may also apply for a stay from the Tenth Circuit, and that the Tenth Circuit has established an expedited briefing schedule for the government's petition for mandamus.[4]   The Court, therefore, finds that the third factor weighs slightly against granting the stay.

On the fourth factor, the Court finds that there is a significant threat of irreparable harm to Defendant if the stay is granted.  Defendant is currently incarcerated, and it is possible, given the permissible range of sentences that might be imposed on Defendant if found guilty, that Defendant could be incarcerated for a longer period of time awaiting a decision on mandamus by the Tenth Circuit than if trial proceeded as scheduled and Defendant were convicted and sentenced.  The fourth factor, therefore, also weighs against granting the stay.

---

[3]*In re Antrobus*, 529 F.3d 1123, 1124 (10th Cir. 2008) ("The Supreme Court has made it clear that mandamus is a *drastic* remedy that is to be invoked *only in extraordinary situations* . . . The writ of mandamus has traditionally been used in the federal courts *only* to confine an inferior court to a lawful exercise of its prescribed jurisdiction . . . Petitioners must show that their right to the writ is *clear and indisputable*.") (emphasis added and internal quotation marks, citations, and brackets omitted).

[4]*See* Docket No. 45, Ex. B (Tenth Circuit Order directing Defendant to respond to petition for mandamus prior to August 10, 2009).

3

Finally, the Court finds that there is minimal risk of harm to the public interest if the stay is not granted.  In its Motion for Stay, the government only argues that the public interest will be served by having the Tenth Circuit review the Court's decision to potentially allow a jury instruction on prospective violence.  However, the scope of the Court's prior rulings are extremely narrow, limited only to possession of firearms by qualifying domestic violence misdemeanants.  Therefore, the government's arguments that they will have "broad ramifications" for federal firearms policy, as a whole, are exaggerated.  Moreover, there is a strong public interest in allowing criminal defendants a speedy trial, which may be harmed if the stay is granted.  Therefore, the Court finds that the fifth factor weighs slightly against granting a stay.

## IV.  CONCLUSION

It is therefore

ORDERED that the government's Motion for Stay of Trial Pending Adjudication of Petition for Writ of Mandamus (Docket No. 43) is DENIED.

DATED   July 29, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

4