IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>RICK ENGSTRUM<br><br>Defendant. | MEMORANDUM DECISION AND<br>ORDER ON BURDEN OF PROOF<br><br><br><br><br><br>Case No. 2:08-CR-430 TS |

## I.  INTRODUCTION

Federal law prohibits individuals convicted of a misdemeanor crime of domestic violence from possessing firearms, but provides that a person shall not be considered to have been convicted of such an offense" unless the defendant therein was either represented by counsel or knowingly and intelligently waived the right to counsel.[1]  After initially submitting the issue of knowing and intelligent waiver to the Court for its pretrial determination, Defendant changed course, arguing that it is an issue which must be determined by the jury at trial.  The Court finds that the issue should be determined by the Court as a pretrial matter of the admissibility of the conviction.

---

[1]18 U.S.C. § 921(a)(33)(B)(i).

## II.  STATUTES

Defendant is charged under 18 U.S.C. § 922(g)(9) with unlawful possession of a firearm by a person convicted of a misdemeanor crime of domestic violence.  A misdemeanor crime of domestic violence is defined at 18 U.S.C. § 921(a)(33).  Subsection (A) of 921(a)(33) defines what is a misdemeanor crime of domestic violence.  Subsection (B) provides a list of several circumstances where, despite a conviction that would otherwise be a misdemeanor crime of domestic violence, a "person shall not be considered to have been convicted of such an offense."  Only the following one of those circumstances is at issue in this case:

> (B)(i) A person shall not be considered to have been convicted of such an offense for the purpose of this chapter, unless—
>
> > (I) the person was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case; . . . "[2]

## III.  FACTUAL AND PROCEDURAL BACKGROUND

As originally filed, Defendant's Motion in Limine argued that he had not knowingly and intelligently waived the right to counsel due to the alleged circumstances of his waiver. Specifically, Defendant argued that his waiver was not knowing or intelligent because he was required to sign the waiver before he was adequately informed of his right to counsel. Defendant argued that under an earlier case from this district, *United States v. Thomson*,[3]

---

[2]*Id.* § 921(a)(33)(B)(i).

[3]134 F.Supp.2d 1227, 1230 (D. Utah 2001) (holding that because of "the intensive factual and legal examination required to determine whether Defendant knowingly and intelligently waived his right to counsel when" he pleaded guilty to battery

the issue of a knowing and intelligent waiver for purposes of § 921(a)(33)(B) should be made by this Court pretrial.  He also cited the First Circuit's *Hartsock*[4] decision and the Ninth Circuit's *Linhan*[5] decision, both holding that the government bears the initial burden of showing a conviction and, once the conviction is shown, the burden shifts to a defendant to show he did not knowingly or intelligently waive his right to counsel.  Accordingly, the Court set a pretrial evidentiary hearing on Defendant's Motion in Limine to exclude evidence of his conviction.

However, at the start of the September 3, 2009 evidentiary hearing, Defendant's counsel asserted that his more recent research revealed case law holding that the government has the burden at trial of convincing the jury that Defendant knowingly and intelligently waived the right to counsel.  Thus, he argued that the jury must decide the issue at trial and it was not appropriate for the Court to decide the issue in a pretrial motion.  The government disagreed, arguing that it had met its initial burden of showing a conviction, and that it was now Defendant's burden to show that he had not knowingly and voluntarily waived his right to counsel.  Thus, the parties each argue that the other party has the burden and, therefore, should go first presenting evidence on the issue.

The Court agreed to allow briefing on whether the jury or the Court should determine the issue of knowing and intelligent waiver, and which party bears the burden of proof on

---

in state court—and therefore whether Defendant's prior conviction is admissible, the court should conduct a determination before trial),

[4]*United States v. Hartsock*, 347 F.3d 1, 4 (1st Cir. 2003).

[5]*United States v. Lenihan*, 488 F.3d 1175, 1177 (9th Cir. 2007).

the issue.  However, because the government's witnesses had appeared and were waiting, and one had traveled from out of state, the Court heard testimony from two government witnesses.  The Court subsequently granted Defendant's requests to file a Reply brief and that the Court hear argument on the issue.

## IV.  DISCUSSION

Defendant's current position is that the knowing and intelligent waiver of counsel is a "constituent part" of an element of the offense that must be proved to the jury beyond a reasonable doubt.  Thus, he argues that knowing and intelligent waiver should not be addressed in the context of determining the admissibility of evidence of the conviction, but should be addressed at trial as an element of the offense.  In the alternative, he argues that if the Court determines the issue pretrial, the government bears the burden of proof of the validity of the waiver and, therefore, should go first with its evidence.

In support, Defendant cites *United States v. Hayes*.[6]  Defendant asserts that under the reasoning in *Hayes*, the entirety of § 921(a)(33), including both its subparts (A) and (B), should be read as defining the constituent parts of the elements of the misdemeanor crime of domestic violence.

The Court agrees with the government that *Hayes* only construes and applies to subsection (A) of § 921(a)(33).  *Hayes* construed subsection (A) (ii) of §921(a)(33) and held that it did not require a domestic relationship to be a defining element of the predicate offense, only that the offense be committed by a person who had the specific domestic

---

[6]129 S.Ct. 1079 (2009).

relationship with the victim.  *Hayes* did not construe subsection (B), which, unlike (A)(ii), does not contain the "an element" language central to the ruling in *Hayes*.

The Court finds, from a plain reading of § 921(a)(33), that its subsection (B) lists circumstances in which a defendant convicted of a misdemeanor that  would otherwise be within subsection (A)'s parameters, is not to be considered as having such a conviction for purposes of the Act.  Thus, the Court agrees that subsection (B) lists exceptions rather than elements.  This reading is in accordance with the Supreme Court's analysis in *United States v. Beecham*,[7] of a similar exception listed in 18 U.S.C. § 921(a)(20), providing that certain convictions for crimes of violence for which a person has "had civil rights restored shall not be considered a conviction for purposes of the chapter."[8]  The Supreme Court noted that "[t]hroughout the statutory scheme, the inquiry is: Does the person have a qualifying conviction on his record."[9]

In support of his position that the issue of knowing and intelligent waiver should be submitted to the jury, Defendant also relies on a recent district court case from the District of Virginia, *United States v. Holbrook*.[10]   The *Holbrook* case involved the denial of a defendant's motion for collateral relief from a criminal sentence under 28 U.S.C. § 2255.  The defendant in *Holbrook* was charged in the underlying criminal case under 18 U.S.C. § 922(g)(9), as well as § 922(a)(6), alleging she made a materially false statement to a

---

[7]511 U.S. 386 (1994).

[8]18 U.S.C. § 920(a)(20).

[9]511 U.S. at 371.

[10]613 F.Supp.2d 745 (W.D. Va. 2009).

firearms dealer by failing to disclose the prior misdemeanor conviction.  She pleaded guilty

to the § 922(g)(9) charge,[11] and went to trial and was found guilty on the § 922(a)(6)

charge.[12]  The *Holbrook* defendant had argued before her criminal trial[13] that the sufficiency

of the misdemeanor crime of domestic violence for purposes of § 922(g)(9), and, therefore,

its materiality for purposes of §922(g)(6), was a jury question.  In its recitation of the history

of the criminal case, the *Holbrook* court noted that "in the absence of definitive case law"

on the issue, the Court had submitted the issue to the jury.[14]   However, after trial, the

*Holbrook* defendant filed her motion to vacate or set aside her criminal sentence under §

2255, arguing that her counsel was ineffective because he did not raise on direct appeal

that the "court should have decided this legal question without sending the issue to the

jury."[15]

     In its ruling on the § 2255 motion, the *Holbrook* court conceded that, while there had

been no definitive case law on the issue at the time it submitted the issue to the jury during

the criminal trial, by the next year there was new case law that did clearly establish that

"the trial judge rather than the jury should determine whether a particular conviction is

admissible as relevant evidence of a misdemeanor crime of domestic violence . . . even

---

[11]*Id*. at 754-55.

[12]*Id*.

[13]*Holbrook* involved a complex procedural history, including two criminal trials
and a direct appeal.  In its analysis of the knowing and intelligent waiver issue, the
*Holbrook* decision references the second *Holbrook* criminal trial, held in 2002.

[14]*Id*. at 755.

[15]*Id*. at 771.

though . . . the trial judge's ultimate decision to admit or not to admit a prior conviction may require a factual showing."[16]   In considering the defendant's motion under § 2255, the *Holbrook* court found that the claim of ineffective assistance of counsel based on the submission of the issue to the jury was defaulted and that there was no prejudice that would excuse that default.[17]   Thus, *Holbrook* does not stand for the proposition that the issue should be submitted to the jury.   Instead, it stands for the proposition that it is established that the trial judge, rather than the jury, should determine the issue.[18]

Because *Holbrook* does not stand for the proposition that the jury should determine the knowing and intelligent waiver issue, the Court has been unable to locate any case law supporting Defendant's position.   As pointed out by the government, all of the courts of appeal that have addressed the issue have held that it is a question of law to be decided by the court before trial[19]—the same position taken earlier in the *Thomson*[20] case from this district.   The Court finds these cases to be persuasive and will follow *Thomson*.

---

[16]*Id.* at 772 (quoting *United States v. Bethrum*, 343 F.3d 712, 717 (5th Cir. 2003) (internal citations omitted in *Holbrook*).  The *Holbrook* criminal trial was held in 2002, the *Bethrum* decision was issued in 2003.

[17]*Id*. at 771-774.

[18]*Id*. at 772.

[19]*E.g. United States v. Lenihan*, 488 F.3d 1175, 1177 (9th Cir. 2007); *Lenihan*, 488 F.3d at 1177; *Hartsock*, 347 F.3d at 4; *United States v. Bethrum*, 343 F.3d 712, 717 (5th Cir. 2003).

[20]134 F.Supp.2d 1227.

While the Tenth Circuit has not yet ruled directly on subsection (a)(33)(B) of § 921, its ruling in *United States v. Flower*,[21] on a similar exception found in subsection (A)(20) of § 921, supports the Court's ruling today that admission of the conviction is to be determined by the Court pretrial.  *Flower* is also persuasive on Defendant's alternative argument on the burden of proof.

*Flower* construes § 921(a)(20)'s exception for convictions that are set aside or expunged.[22]  Section 921(20) is less awkwardly phrased than § 921(a)(33),[23] being phrased entirely as an exception, while § 921(a)(33) separates the exceptions into its subpart (a)(33)(B).  *Flower* rejects the idea that a Defendant's challenge to a predicate conviction under 921(a)(20)'s exception for expunged or set aside convictions is an affirmative defense.  In *Flower*, as in the present case, the defendant argued that his conviction "shall not be considered a conviction for purposes of" the chapter.

> Nothing in the plain language of §§ 922(g)(1) or 921(a)(20) suggests that the § 921(a)(20) definition constitutes an affirmative defense.  In fact, the title to 18 U.S.C. § 921 is "Definitions."
>
> * * *
>
> Because § 921(a)(20) is definitional, it is the trial judge's responsibility to determine as a matter of law whether a prior conviction is admissible in a § 922(g)(1) case.  Any motions, arguments, or factual presentations related to

---

[21]29 F.3d 530 (10th Cir. 1994).

[22]*Id.* (providing that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of the" chapter with some exceptions).

[23]*See Hayes*, 129 S.Ct. at 1085 (noting Congress' "less-than-meticulous" drafting of § 921(a)(33)).

this issue should therefore be heard and considered outside the presence of the jury. The judge's ultimate decision to admit, or not to admit, a prior conviction as a predicate crime under § 922(g)(1) may rest upon a factual evidentiary showing; just as many other substantive legal questions rest upon factual showings.

As a practical matter, requiring the government to negate the possibility, in every § 922(g)(1) case, that each defendant's prior convictions had been expunged or set aside, that a pardon had been granted, or that civil rights had been restored, would impose an onerous burden.   A defendant ordinarily will be much better able to raise the issue of whether his prior convictions have been expunged or set aide, whether a pardon has been granted, or whether civil rights have been restored. Thus, if a defendant believes that one of the prior convictions that the government seeks to use as a predicate conviction under § 922(g)(1) does not meet the legal definitional requirements of § 921(a)(20), it will be up to the defendant to challenge the admissibility of such conviction. Any such challenge must be made with specificity.  A mere conclusory challenge mimicking the language of the statute will not suffice to put the court on notice of what objection the defendant is asserting to the use of the prior conviction.[24]

Under *Flower*, as in *Thompson*, the Court must decide the issue pretrial.  Under *Flower*, the Defendant must specifically and adequately object to the introduction of the predicate conviction on the ground that it should not be considered a conviction under the relevant subsection of §921(a).  Defendant has specifically and adequately done so in this case, with the result that the Court set the matter for hearing.

Once the Defendant specifically and adequately make his objection, the government must show that the predicate conviction should be considered a misdemeanor crime of violence and therefore should be admitted.

---

[24]*Flower*, 29 F.3d at 535-36 (citations and footnote omitted).

The government argues that the Defendant should have the burden because (1) he is in the best position to know what happened; and (2) the government cannot know what the Defendant says went wrong with his waiver that would have been prevented it from being knowing and intelligent.  Accordingly, the government requests that issue be treated like the affirmative defense of duress.  It is true, as noted in the quote from *Flower*, above, that as "a practical matter" a "defendant ordinarily will be much better able to raise the issue" of why his conviction should not be considered a conviction for purposes of a § 922(a).  However, it is also true that in *Flower*, the Tenth Circuit rejected the position that such a challenge to the admission of the conviction should be treated as an affirmative defense.

Under *Flower*, the burden is on the Defendant to adequately raise a challenge to the predicate conviction, then the government must present its position that there was a valid waiver in order to show that the conviction is admissible.  The government may do so as it chooses, by evidence, by argument, or a combination of both.[25]  As with any other issue, if the government's evidence is the only evidence in the record, it may, or may not, be sufficient to show the factual basis asserted by the government.  For example, if the government were to submit a signed waiver that, on its face was insufficient, the Court could determine as a matter of law that there was no knowing and intelligent waiver.

---

[25] *Thomson*, 134 F.Supp.2d at 1231 (holding that the "determination of whether Defendant knowingly and intelligently waived his right to counsel is a mixed question of law and fact"); *Flower,* 29 F.3d at 535 (noting that "judge's ultimate decision to admit, or not to admit, a prior conviction as predicate crime under § 922(g)(1) may rest upon a factional evidentiary showing; just as many other substantive legal questions rest upon factual showings").

In the present case, Defendant raised a specific challenge to the admissibility of the conviction. The Court finds that once Defendant raised his specific challenge it is appropriate for the government to go forward to show why the conviction is admissible. The government has begun its response to show that the conviction is admissible.  It has introduced Defendant's signed waivers and the testimony of the state court judge and the state court administrator regarding their standard practices.

At the close of the hearing, the Court re-set the hearing on the admissibility of the conviction, with a trial date to follow shortly thereafter.  It is the Court's intent to rule on the admissibility of the conviction at the close of the hearing so that, if it admissible, the parties can be prepared for trial.  Accordingly, the government requested notice of the witnesses that Defendant will call at the evidentiary hearing so that it can seek to interview them or otherwise prepare for the hearing.  Due to the delay resulting from the late-raising of the burden of proof issue, Defendant has had the opportunity to obtain a transcript of the testimony of the government witnesses before arguing the admissibility of the conviction, an opportunity not available to the government for any defense witnesses.

Upon consideration, the Court finds that Defendant may, but need not, disclose the witnesses he intends to call at the hearing.  However, if Defendant chooses not to disclose his witnesses, in fairness to the government, the Court will allow the government the option to order an expedited transcript and allow both parties a very short period to file simultaneous briefs before the Court rules.  The Court reminds counsel that it intends to go to trial on the date set by prior notice.

SO ORDERED.

DATED   November 24, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge